**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cedric Crespo,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Udell Opah, et al.,<br><br>　　　　　Defendants. | No. CV-22-02058-PHX-DWL<br><br>**ORDER** |

　　　　Cedric Crespo ("Plaintiff") has sued the United States ("Defendant") under the Federal Tort Claims Act ("FTCA") for damages he sustained during an automobile accident involving a federal employee. (Doc. 1-4). Now pending before the Court is Defendant's motion to dismiss for lack of subject-matter jurisdiction or, in the alternative, for partial summary judgment. (Doc. 5.) For the following reasons, the motion is denied.

**BACKGROUND**

I.　　Facts

　　　　On February 20, 2020, Plaintiff was driving his car when he was struck by a van driven by Udell Opah. (Doc. 1-4 ¶¶ 7, 9.) Opah was acting in the course and scope of his duties as a federal employee at the time of the accident. (Doc. 1 ¶ 1.)

　　　　On December 21, 2021, Plaintiff, through counsel, sent a Standard Form 95 ("SF-95") and demand letter to the Department of Health and Human Services. (Doc. 5-1.) In the demand letter, Plaintiff stated that "[p]hotographs taken at the accident scene show the crushing effect of the collision on his vehicle, with a massive $21,636.22 in damages,

causing it to be declared a total loss." (*Id.* at 3, emphasis omitted.) The letter also alleged that Plaintiff suffered "pain, suffering, and loss of enjoyment of life" but did not purport to quantify those damages. (*Id.*) Additionally, the letter included a table entitled "Medical Expenses of Cedric Crespo," which itemized the cost of 11 individual medical services Plaintiff had received, totaling $28,555.09. (*Id.* at 4.) The table also listed a 12th service, "St. Joseph's Hospital (Thumb Fracture Surgery)," whose cost was identified as "pending." (*Id.*) Finally, the letter stated that Plaintiff had incurred "out-of-pocket expenses" totaling $834.92, which included $293.21 for smartphone repairs. (*Id.* at 5.) The letter concluded by stating that, "in an effort to settle this matter without resorting to formal litigation, our client is willing to consider settling at this pre-litigation stage for your insured's policy limits if you make such offer within fifteen (15) days from the date of this letter. Our client reserves the right [to] review and consider your insured's policy limits before accepting any settlement." (*Id.* at 6, emphasis omitted.)

The accompanying SF-95 included a section entitled "Property Damage." (*Id.* at 7.) In this section of the form, Plaintiff wrote: "Vehicle is total loss $13,630. Pixel 3 Phone destroyed." (*Id.*) In a different section of the form entitled "Personal Injury/Wrongful Death," Plaintiff described certain injuries he had sustained but did not provide any quantification of his pain and suffering or the cost of his medical treatments. (*Id.*) Finally, in the "Amount of Claim" section near the bottom of the first page of the form, which included boxes for three different categories of damages (property, personal injury, and wrongful death) along with a box for the total, Plaintiff left each box blank. (*Id.*)

II.     Procedural History

On February 11, 2022, Plaintiff filed suit in Maricopa County Superior Court. (Doc. 1-4.)

On December 5, 2022, Defendant removed the action to federal court. (Doc. 1.)

On December 14, 2022, Defendant filed the pending motion. (Doc. 5.) The motion is now fully briefed. (Docs. 10, 11.) Neither side requested oral argument.

…

**DISCUSSION**

I. FTCA Exhaustion Requirement

"The United States, as a sovereign, is immune from suit unless it has waived its immunity. A court lacks subject matter jurisdiction over a claim against the United States if it has not consented to be sued on that claim." *Consejo de Desarrollo Economico de Mexicali, A.C. v. United States*, 482 F.3d 1157, 1173 (9th Cir. 2007) (internal citations omitted). "When the United States consents to be sued, the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." *Id.* (citation omitted). *See also Lane v. Pena*, 518 U.S. 187, 192 (1996) ("[A] waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign."). "Unless [a plaintiff] satisfies the burden of establishing that its action falls within an unequivocally expressed waiver of sovereign immunity by Congress, it must be dismissed." *Dunn & Black, P.S. v. United States*, 492 F.3d 1084, 1088 (9th Cir. 2007).

"The FTCA . . . waives the United States' sovereign immunity for tort actions and vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of government employees. Before a plaintiff can file an FTCA action in federal court, however, he must exhaust the administrative remedies for his claim. . . . The FTCA's exhaustion requirement is jurisdictional and may not be waived." *D.L. ex rel. Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citations omitted). One component of the exhaustion requirement is the claim presentation rule, which provides that "a district court cannot exercise subject matter jurisdiction over an action brought pursuant to the FTCA unless the plaintiff 'shall have first presented the claim to the appropriate Federal agency.'" *Blair v. IRS*, 304 F.3d 861, 863-64 (9th Cir. 2002) (quoting 28 U.S.C. § 2675(a)). "A claim is deemed presented for purposes of § 2675(a) when a party files '(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim.'" *Id.* at 864 (citing *Warren v. U.S. Dep't of Int. Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984) (en banc)).[1]

---

[1] *See also* 28 C.F.R. § 14.2(a) ("[A] claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal

II. The Parties' Arguments

Defendant moves to dismiss for lack of subject-matter jurisdiction. (Doc. 5 at 1-5.) In the alternative, Defendant moves for partial summary judgment. (*Id.* at 1, 5-7.) Defendant argues that Plaintiff "failed to specify a 'sum certain' for his personal injury damages in his Federal SF-95 form, a precursor to a lawsuit under the [FTCA]." (*Id.* at 1.) More specifically, Defendant asserts that Plaintiff failed to meet the "sum certain" requirement because "[t]he demand letter specifies past medical bills of $28,555.08, but states that future medical treatment is 'pending,' and thus does not provide an actual total for medical special damages." (*Id.* at 2.) According to Defendant, this failure means that the Court is "deprive[d] of subject matter jurisdiction over Plaintiff's claims." (*Id.* at 1.) As for summary judgment, Defendant contends that even if Plaintiff specified a "sum certain" regarding his claim for property damage, it is entitled to "summary judgment on the personal injury claim." (*Id.*) Defendant acknowledges that Plaintiff "did specify in his demand letter that his property damage totaled $21,636.22" but argues that even if that claim was sufficiently stated, only it may be adjudicated. (*Id.* at 1, 5-6.)

Plaintiff opposes Defendant's dismissal and summary judgment requests. (Doc. 10.) Plaintiff's overarching argument is that he "unequivocally and properly specified a 'sum certain' in both his SF-95 (property damage) and in the accompanying Demand Letter (medical bills)" and because "Defendant has conceded both facts . . . Defendant's Motion is moot." (*Id.* at 2.)[2] Plaintiff elaborates that because "Defendant does not deny that the

---

representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative."); *Blair*, 304 F.3d at 865 (clarifying that although "the settlement regulations [that] are found at 28 C.F.R. §§ 14.1–14.11" are "not a jurisdictional requirement" and are merely "instructive as to the presentation of a claim," "there is a jurisdictional requirement of a 'sum certain' that comes from 28 U.S.C. § 2675").

[2] Although Plaintiff characterizes the motion as "moot," he does not make a mootness argument, nor is mootness an issue here. *Am. Cas. Co. v. Baker*, 22 F.3d 880, 896 (9th Cir. 1994) ("A case becomes moot when interim relief or events have deprived the court of the ability to redress the party's injuries.").

- 4 -

SF-95 contained a sum certain for property damage," this alone compels the denial of the motion. (*Id.* at 3.) Further, Plaintiff argues that he "stated definite amounts for his known medical bills and (again), for his property damage claim" in his demand letter. (*Id.*) According to Plaintiff, the "'Total Medical Expenses' of $28,555.08 [in the demand letter] represented, reflected and addressed his specific damages at that time" and there is no reason "two precise definite dollar amounts addressing Plaintiff's damages should be given different treatments." (*Id.* at 5.) To Plaintiff, the "sum certain" amounts for his property damage and personal injury claims "both address specific damages, and they both provide guidance to facilitate settlement talks." (*Id.* at 6.)

In reply, Defendant argues that "[q]uite simply, Plaintiff failed to file a proper SF 95" by making no offer to settle in his demand letter, instead only "expressly stat[ing] that future medical care . . . is 'pending,'" and by not "stat[ing] any claim for pain and suffering or other non-economic loss" in his SF-95. (Doc. 11 at 1-2.) Defendant asserts that "Plaintiff stated no claim for future medical bills or pain and suffering." (*Id.* at 3.) To Defendant, this differentiates the property damage and personal injury claims because Plaintiff "left his future medical specials claim blank, and called them 'pending,' thus eviscerating the entire personal injury claim." (*Id.*) Further, Defendant argues that "[e]ven if the Court accepts Plaintiff's argument, his recovery for any personal injury claim would be limited to $28,555.08—if he proves his past medical bills to be reasonable, necessary and in conformance with the community standards." (*Id.* at 2.)

III. <u>Analysis</u>

    A. **Personal Injury Damages**

Although Plaintiff's demand letter identified 11 specific categories of past medical expenses, which totaled $28,555.08, Defendant argues that the demand letter's reference to one additional category of unquantified, "pending" medical expenses means that Plaintiff "did not state a 'sum certain' for damages for personal injury." (Doc. 5 at 4.) In support of this argument, Defendant cites *Blair* and *Castro v. United States*, 2022 WL 16744395 (N.D. Cal. 2022).

In *Blair*, although the plaintiff did not list any dollar amounts in his SF-95, he wrote "please see attached" in the portion of the SF-95 requiring him to list his personal injury expenses, and in the attached demand letter he identified a "total [wage] loss of $17,499,436.00." 304 F.3d at 863. The demand letter further stated that "[m]edical expenses are still being incurred, with no end presently in sight" and "[b]est estimates could perhaps be obtained by the IRS from the treating physicians." *Id*. The district court dismissed the plaintiff's FTCA claim in its entirety on the ground that the plaintiff "failed to provide a sum certain in damages" but the Ninth Circuit reversed in part, holding that the plaintiff had satisfied the "sum certain" requirement as to certain categories of damages and thus his FTCA claim should not have been dismissed in its entirety. *Id.* at 862-63. As an initial matter, the court clarified that "[t]he fact that the sum was stated in an attachment does not violate any statutory requirement, nor is it contrary to the regulation." *Id.* at 866. On the merits, the court explained that the plaintiff "did submit to the IRS a sum certain damage claim for wage loss due to his injury. Having made a valid claim with a sum certain for wage loss, did the inclusion of material concerning medical expenses for which no sum certain was provided deprive the district court of jurisdiction to consider [the] wage loss claim? We hold it did not." *Id.* The court also distinguished four cases on which the government sought to rely: "In *Caton* [*v. United States*, 495 F.2d 635 (9th Cir. 1974)] and *Avril* [*v. United States*, 461 F.2d 1090 (9th Cir. 1972)], the claimants did not provide any dollar amount for their claims. In *Caidin* [*v. United States*, 564 F.2d 284 (9th Cir. 1977)], the claimant stated a specific dollar amount, but the dollar amount applied to a class of claimants, not the claimant himself. Thus, the claimant in *Caidin* essentially omitted any statement of his own damages. Finally, in *Bailey* [*v. United States*, 642 F.2d 344 (9th Cir. 1981)] the claimant submitted bills and wage statements in lieu of a sum certain. *Avril*, *Caton*, *Caidin*, and *Bailey* are readily distinguishable from this case in which Blair did present a sum certain for his claim for wage loss." *Id.* at 867.

In *Castro*, the court granted the defendant's motion for partial summary judgment where, on their SF-95, the plaintiffs specified "that they claimed the amount of $4,766.89

for property damage" but listed their personal injury claims as "[t]o be determined. Still treating." 2022 WL 16744395 at *1. The court concluded that although it lacked jurisdiction over the personal injury claims, it retained jurisdiction over the property damage claims. *Id.* at *5.

Neither *Blair* nor *Castro* is quite on point here. Although Plaintiff listed the cost of one expected medical procedure as "pending," he also provided an itemized list of 11 other medical expenses and labeled his "Total Medical Expenses" as $28,555.08. This definitive list of incurred medical expenses differs from the complete absence of dollar sums for medical expenses provided by the plaintiffs in *Blair* and *Castro*. *See also Caton*, 495 F.2d at 636 (granting summary judgment where the plaintiff did not provide any dollar amount for her claim); *Avril*, 461 F.2d at 1091 (granting motion to dismiss where the plaintiffs did not provide any dollar amount for their claims).

The Court acknowledges the difficulty posed by the inclusion of the term "pending" next to the final anticipated medical expense. Circuit courts outside the Ninth Circuit have reached conflicting decisions about whether the presence of such language can transform an otherwise certain sum into an uncertain one. *Compare Corte-Real v. United States*, 949 F.2d 484, 486-87 (1st Cir. 1991) (holding that a statement of damages of "$100,000 plus because still treating and out of work" was sufficient but limiting the amount of recovery to $100,000 because "[t]o throw out the claim entirely, as other than one for a sum certain, was, on these facts, bureaucratic overkill") *and Erxleben v. United States*, 668 F.2d 268, 270, 273 (7th Cir. 1981) (where Form SF 95 identified the amount of personal injury damages as "$149.42 presently," concluding that the "inclusion of the term 'presently' did not in any way preclude" the government for settling for the specific dollar amounts listed), *with Bradley v. United States*, 951 F.2d 268, 270-71 (10th Cir. 1991) ("Because there is no ceiling on the amount, we decline to hold that Plaintiff's valuation of his claim as 'in excess of $100,000.00' is sufficient to satisfy the sum certain requirement.") *and Keene Corp. v. United States*, 700 F.2d 836, 842 (2d Cir. 1983) ("It seems clear to us that a claim which includes 'an additional amount yet to be determined,' which may dwarf the sum stated, is

a request for damages so indefinite as to fail to satisfy the statutory purpose. Faced with a reservation as to future damages which may entail huge sums, government officials cannot possibly evaluate the claim with a view to settlement."). Meanwhile, district courts within the Ninth Circuit have generally interpreted such qualifying language as surplusage that does not create an impediment to exhaustion. *See, e.g.*, *Tubbs v. United States*, 2010 WL 11512184, *5 (C.D. Cal. 2010) ("Here, . . . there was a sum of money stated on the claim form, albeit with qualifying 'in excess of' language. . . . [T]his court finds persuasive the fact that *Blair* mandated that district courts in the Ninth Circuit treat FTCA claims fairly and equitably . . . [and concludes that] the statutory purpose of requiring notice by the filing of an administrative claim appears to have been satisfied."); *Sarkisyan v. United States*, 2020 WL 8881704, *2 (C.D. Cal. 2020) ("The Court concludes that Plaintiff alleged a 'sum certain' in her administrative claim. Specifically, the Court concludes that Plaintiff alleged '$25,000' in the initial claim filed on February 12, 2019, and that the use of the word 'over' is mere surplusage."); *Ramone v. U.S. Postal Serv*, 2019 WL 3080820, *6 (E.D. Cal. 2019) ("Plaintiffs were obligated to include calculations for ongoing treatment in the damages requested and failed reserve a right to seek additional damages by their use of the phrase 'well in excess of' . . . . This was surplus language, and Court finds the 'sum certain' for each plaintiff was $25,000.").

If the Court were writing on a blank slate, Defendant's challenge to the sufficiency of Plaintiff's demand—which is, at its core, an argument about statutory interpretation—might present a closer call. But the Court does not write on a blank slate. Consistent with *Blair*'s directive that district courts in the Ninth Circuit "provide for more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government," *Blair*, 304 F.3d at 866 (citation omitted), the Court concludes that the word "pending" next to the final itemized medical expense in Plaintiff's demand letter should be interpreted as surplusage. Thus, Plaintiff stated a "sum certain" amount of medical expenses, $28,555.08, which was sufficient to satisfy 28 U.S.C. § 2675. Accordingly, Defendant's motion to dismiss this action in its entirety, due to a

purported lack of subject-matter jurisdiction, is denied. However, Plaintiff is precluded from recovering more than $28,555.08 in personal injury damages. *Blair*, 304 F.3d at 866 ("[Plaintiff] would, of course, be limited in his proof to the $17 million figure for wage loss."); *Tubbs,* 2010 WL 11512184, at *5 ("It is important to note . . . that cases that denominate qualifying language such as 'in excess of' surplusage limit the actual amount stated to be the limit of the claimant's recovery.").

### B.   **Property Damage**

In his demand letter, Plaintiff sought $21,636.22 for his vehicle repairs and $293.21 for a phone screen assembly, apparently for his damaged Pixel 3. (Doc. 5-1 at 3, 7.) These are sums expressed with the required degree of certainty, as Defendant seems to concede. (Doc. 5 at 5 ["Plaintiff . . . did specify in his demand letter that his property damage totaled $21,636.22."].)[3] Although Defendant attempts to argue, in its reply, that Plaintiff "failed to file a proper SF 95" by leaving the boxes on the SF-95 "completely blank" (Doc. 11 at 1-2), this argument is both forfeited[4] and foreclosed by *Blair*. 304 F.3d at 866 ("The fact that the sum was stated in an attachment does not violate any statutory requirement, nor is it contrary to the regulation. Title 28 C.F.R. § 14.2 provides that the notification can be on

---

[3]   Although Plaintiff's demand letter asserts that "the crushing effect of the collision on his vehicle [resulted in] a massive $21,636.22 in damages, causing it to be declared a total loss," Plaintiff's SF-95 states: "Vehicle is a total loss $13,630." (Doc. 5-1 at 3,7.) Neither side addresses this discrepancy. This silence implicates "the principle of party presentation," which holds that courts "should not[] sally forth each day looking for wrongs to right" and instead should "wait for cases to come to [them] . . . [and] normally decide only questions presented by the parties." *United States v. Sineneng-Smith*, 140 S.Ct. 1575, 1579 (2020) (citations and internal quotation marks omitted). Accordingly, the Court does not decide here whether Plaintiff's total recovery on his property damage claim should be limited to $13,630 (the lesser claim of car-related damage), or $13,923.31 (the lesser claim of car-related damage, plus the damage to the phone), or $21,636.22 (the greater claim of car-related damage), or $21,929.43 (the greater claim of car-related damage, plus the damage to the phone). Instead, the Court simply rejects Defendant's contention that the claim should be thrown out in its entirety due to the absence of a "sum certain" demand. For similar reasons, because Defendant does not argue that the imprecision of the bottom-line settlement demand in the final section of the demand letter ("[I]n an effort to settle this matter without resorting to formal litigation, our client is willing to consider settling at this pre-litigation stage for your insured's policy limits.") has any effect on the analysis, the Court has not considered any potential objection on that basis.

[4]   *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

a Form 95 'or other written notification.'").[5]

Accordingly,

**IT IS ORDERED** that Defendant's motion (Doc. 5) is **denied**.

Dated this 26th day of April, 2023.

Dominic W. Lanza
United States District Judge

---

[5] The Ninth Circuit has suggested that a motion for summary judgment is not the correct vehicle for bringing a jurisdictional challenge based on non-compliance with the FTCA's exhaustion requirement. *Caton*, 495 F.2d at 639 ("The district court should have dismissed the claim for lack of jurisdiction. The court's action in granting summary judgment was erroneous, but we treat its action as a dismissal for lack of jurisdiction."). In any event, the Court would deny Defendant's request for partial summary judgment for the same reasons it has denied the motion to dismiss—Plaintiff adequately provided a "sum certain" for his personal injury and property damage claims.